## COBB v. FLORIDA PUBLISHING CO.
No. 67-7018.

Circuit Court, Duval County.

October 31, 1967.

190

S. Perry Penland and James C. Handley, Jr., both of Jacksonville for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

HENRY F. MARTIN, Jr., Circuit Judge.

This cause is before the court on defendant's motion to dismiss the complaint heretofore filed herein on the grounds that it fails to state a cause of action and upon defendant's motion for summary judgment filed subsequent to the taking of plaintiff's deposition and the filing of certain affidavits in support thereof.

The court has carefully considered the various legal authorities cited by the attorneys for the respective parties together with other authorities produced as a result of independent research.

The complaint in its present form affirmatively discloses that the newspaper publication in question applies to a public official and purports to be quoting a certain factual account given the newspaper reporter by a third person. In addition, the newspaper publication in question appears to contain a comment by the publisher based upon the facts supplied by the third person.

It affirmatively appears from the complaint in its present form that the newspaper publication in question is qualifiedly privileged since no factual matters are alleged which would cause the qualified privilege to be inoperative or lost. Therefore, in order to state a cause of action the complaint must allege facts which negate the existence of the qualified privilege or allege the portions of said article which plaintiff contends are false and further allege that said newspaper article was published with actual malice on the part of the defendant or with reckless disregard as to whether it was false or not. Thus, the complaint fails to state a cause of action in its present form.

192

The court feels that the motion for summary judgment is premature at this time and that the plaintiff should be given an opportunity to allege a cause of action if he is able to do so. The affidavits on file together with the precise wording of the article in question do not conclusively establish in the court's mind at the present time that the newspaper article actually quotes the third party even though it purports to do so on its face. The affidavit of this third party appears to contend that she did not make any statements to the news media or in their presence. The inference from the general affidavit of the third party is that the alleged facts appearing in the newspaper article resulted from the independent investigation of the newsmen even though the article purports to quote said third party. Such a circumstance, if true, would be material in determining further proceedings herein. Carroll v. Florida Publishing Co., 25 Fla. Supp. 7; Miami Herald Publishing Co. v. Brautigam, 127 So.2d 718 (3rd Dis.Fla. 1961); Layne v. Tribune Co., 146 So. 234 (Sup.Ct.Fla. 1933).

Accordingly, it is ordered and adjudged as follows —

1. Defendant's motion to dismiss the complaint heretofore filed herein be and the same is hereby granted and plaintiff shall have twenty days from the date hereof in which to file and serve an amended complaint.

2. That defendant's motion for summary judgment be and the same is hereby denied at this time without prejudice to renewing the same at a later time.